**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JASMINE MARIE DUNCAN, ) | CASE NO. 5:15 CV 2204 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ROBERT SMITH, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Jasmine Marie Duncan filed this action against Robert Smith, Mike Volpe, Mr. Reed, Brandon Harris, and Stark County Children Services. Plaintiff's brief Complaint does not allege any facts and is composed entirely of random legal statements and citations. She seeks $20,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact

when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff's Complaint does not meet these minimum pleading requirements. Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court is not required to conjure up unpled allegations. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. Plaintiff does not include any factual allegations, does not assert a discernable claim based on recognized legal authority, and fails to state a cause of action within the jurisdiction of this

Court. Even liberally construed, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**IV.** **Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: December 1, 2015          S/John R. Adams
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.